# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| H & T Fair Hills, Ltd., Mark Hein, Debra Hein, Nicholas Hein, Norman Zimmerman, Donna Zimmerman, Steven Wherry, Valerie Wherry, Robert Ruebel, Mary Ruebel and Larry Ruebel, on behalf of themselves and all others similarly situated, | Court File No. 19-cv-01095 (JNE/BRT) |
| Plaintiffs, | |
| v. | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |
| Alliance Pipeline L.P. a/k/a Alliance USA, | |
| Defendant. | |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

ARGUMENT ............................................................................................................. 1

I.  The choice of law analysis is not premature. ........................................... 1

II.  The Court should dismiss Plaintiffs' claims for breach of contract and nuisance that are outside the statutes of limitations. ................................. 3

    A.  Alliance has properly raised the statute of limitations in its Partial Motion to Dismiss. ..................................................................... 3

    B.  The Complaint shows that, at the latest, Plaintiffs' claims for breach of contract and nuisance accrued at harvest time each year. ........... 4

    C.  The Complaint shows that the statute of limitations for Plaintiffs' claims for breach of contract and nuisance has not been tolled. ................ 6

III.  The Court should dismiss Plaintiffs' fraudulent inducement claims. ..................... 9

    A.  Plaintiffs misstate the legal standard for pleading a claim for fraudulent inducement based on a promise or statement of future event. ............................................................................................ 9

    B.  The Complaint does not allege facts showing that Alliance had an intent not to perform promises when the promises were allegedly made. ............................................................................................ 12

    C.  Plaintiffs' fraudulent inducement claims are time-barred. ....................... 15

    D.  The Plaintiffs who were not the original parties to an Easement cannot plead a claim for fraudulent inducement. ..................................... 16

IV.  H&T's breach of contract claim should be dismissed for lack of standing because it is not a party to any easement. ............................................... 17

V.  Plaintiffs' request for injunctive relief should be dismissed due to the existence of an adequate remedy at law. ............................................... 18

VI.  Plaintiffs should not be allowed to amend their already-amended Complaint. ...................................................................................... 18

CONCLUSION ........................................................................................................ 19

## ARGUMENT

Plaintiffs' Memorandum in Opposition to Defendant's Partial Motion to Dismiss ("Response") fails to address the issues raised in Alliance's Partial Motion to Dismiss ("Motion"). As explained below, the Court should engage in the choice of law analysis now; the face of the Complaint shows that certain claims are time-barred; and, Plaintiffs have failed to plead fraud with particularity. The Court should grant Alliance's Motion.

## I.     The choice of law analysis is not premature.

In their Response, Plaintiffs assert that a choice of law analysis is premature. (Resp., 12.) However, it is unclear that Plaintiffs dispute the choice of law analysis. Plaintiffs fail to identify any disputed or unknown factual issues that would influence the choice of law analysis required to be undertaken by this Court. Indeed, Plaintiffs' Response relies upon Minnesota and Iowa law in support of Plaintiffs' arguments, (Resp., 18), and Plaintiffs are residents of either Minnesota or Iowa and assert claims related to tracts in those states.

Additionally, the Easements related to Tract Nos. IA-JO-0467, IA-JO-0496, MN-RN-0377, and MN-RN-0378 specifically include choice of law provisions stating that the agreements are governed by the law of the state in which the land is situated—Iowa or Minnesota. (Compl. Exs. 2 at 5; 5 at 5; 6 at 7; and 7 at 7.) Minnesota and Iowa courts honor such provisions unless another state has expressed some intent to the contrary. *Hedding o/b/o Hedding Sales & Serv. v. Pneu Fast Co.*, 2019 WL 79006, at *3 (D. Minn. Jan. 2, 2019); *Am. Express Fin. Advisors, Inc. v. Yantis*, 358 F. Supp. 2d 818, 826 (N.D.

Iowa 2005). Plaintiffs have not identified any intent that would block the application of these provisions.

Even if there was a dispute regarding which state law applies, the Court should engage in a choice of law analysis now. In order to determine the legal sufficiency of Plaintiffs' claims at the motion to dismiss stage, the Court first needs to resolve what state's law should be applied. *See John Morrell & Co. v. Halbur*, 476 F. Supp. 2d 1061, 1063, 1074 (N.D. Iowa 2007) (court required to conduct a choice of law analysis to decide motion to dismiss where it was unclear which state's law should be applied).

Plaintiffs cite *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 484 F. Supp. 2d 973 (D. Minn. 2007), for the proposition that a conflicts analysis at the motion to dismiss stage is "improper." (Resp., 12–13.) However, the *Guidant* court did not determine that a choice of law analysis was improper; the court held that the motion to dismiss would be granted regardless of which state's law applied, so there was "no need" to conduct a choice of law analysis. 484 F. Supp. 2d at 985 n.7.

Similarly, Plaintiffs argue that *In re St. Jude Medical, Inc.*, 425 F.3d 1116 (8th Cir. 2005), shows that discovery must occur before the Court can conduct a choice of law analysis. Plaintiffs misrepresent the case. The Eighth Circuit in *In re St. Jude* reviewed the district court's decision to certify two subclasses in a class action suit. *Id.* at 1119. The district court applied Minnesota law after conducting a "cursory conflict-of-laws analysis." *Id.* The Eighth Circuit held that it could not determine whether the district court's conflict of law analysis was sufficient to support its certification decision, and reversed and remanded the issue for a proper conflicts analysis. *Id.* at 1120–21.

Lastly, Plaintiffs cited *Partridge v. Stryker Corp.*, 2010 WL 4967845 (D. Minn. Dec. 1, 2010), where the court declined to undertake a choice of law analysis for a motion to dismiss. However, unlike Plaintiffs' Complaint, the allegations in the *Partridge* complaint did not establish which state law would apply. *Id.* at *2.

## II.   The Court should dismiss Plaintiffs' claims for breach of contract and nuisance that are outside the statutes of limitations.

Plaintiffs offer three arguments why the Court should not dismiss any of their breach of contract or nuisance claims as time barred. As set forth below, Plaintiffs' arguments lack merit, and the Court should dismiss the time-barred claims.

### A.   Alliance has properly raised the statute of limitations in its Partial Motion to Dismiss.

It is well established that "[a] court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." *Wong v. Wells Fargo Bank N.A.*, 789 F.3d 889, 897 (8th Cir. 2015); *see also Khan v. CC Servs., Inc.*, 2014 WL 3013015, at *4 (D. Minn. July 3, 2014) (dismissing breach of contract claim barred by statute of limitations).

Plaintiffs argue that the Court should deny the Motion because Alliance has not raised a statute of limitations defense in its yet-to-be-filed Answer. (Resp., 14.) However, Plaintiffs acknowledge that a statute of limitations may be grounds for a Rule 12(b)(6) dismissal where "the complaint itself establishes the defense." (Resp., 14.) And rightfully so, considering that dismissal under Rule 12(b)(6) is appropriate even *sua sponte* when it appears from the face of the complaint that the limitation period has run. *See Smithrud v. City of St. Paul*, 746 F.3d 391, 396 n.3 (8th Cir. 2014).

Additionally, none of the cases cited by Plaintiffs suggest that Alliance has not properly raised a statute of limitations defense through its Motion or that the Court is prohibited from analyzing the statute of limitations issues at this stage. (Resp., 14.) *Hile v. Jimmy Johns Highway 55, Golden Valley*, 899 F. Supp. 2d 843, 947–49 (D. Minn. 2012), does not hold that a court is prohibited from conducting a timeliness analysis at the motion to dismiss stage; the court conducted a timeliness analysis to determine whether an employment discrimination charge related back to a prior charge brought within the applicable statutory timeframe. *Brown v. Ameriprise Financial Services*, 707 F. Supp. 2d 971 (D. Minn. 2010), and *Joyce v. Armstrong Teasdale*, 635 F.3d 364, 368 (8th Cir. 2011), also do not support denying Alliance's Motion, because the allegations in the complaints in those cases did not establish that the claims were time-barred. Finally, *Rosemount Cogeneration Joint Venture v. Northern States Power Co.*, 1991 WL 13729, at *9 (D. Minn. Jan. 18, 1991), is not applicable here, because the court considered (and denied) a plaintiff's motion for summary judgment on a defendant's affirmative defenses, including the statute of limitations.

**B.     The Complaint shows that, at the latest, Plaintiffs' claims for breach of contract and nuisance accrued at harvest time each year.**

Under Iowa and Minnesota law, claims for damage to crops accrue at the time the wrongful act in question causes damage to the plaintiff's crops. *See K & W Elec., Inc. v. State*, 712 N.W.2d 107, 116 (Iowa 2006) ("Generally, a claim accrues when 'the wrongful act produces injury to the claimant.'"); *see also Int'l Decision Sys. v. JDR Sols., Inc.*, 2009 WL 2009249, *4 (D. Minn. May 7, 2019) (cause of action for contract-based

4

claim accrues at the time of the breach); *Hustad Dev. Corp. v. Browning-Ferris Indus. of Minn., Inc.*, 1995 WL 254385, at *1 (Minn. Ct. App. May 2, 1995) (nuisance claim accrues on the date a plaintiff first suffers injury).

Here, Plaintiffs allege that they grew and harvested crops annually, and that after the Pipeline was constructed, they suffered crop yield loss each year. (*E.g.*, Compl. ¶¶ 7, 61.) Plaintiffs allege that they submitted claims to Alliance through the Crop Yield Program on an annual basis from 2000 through 2014. (*E.g.*, Compl. ¶ 61.) Plaintiffs allege that the payments Alliance made through the Crop Yield Program each year were based on the U.S. Department of Agriculture price at the time of harvest and that the amounts paid based on that price were insufficient. (*E.g.*, Compl. ¶ 67.) Accordingly, at the latest, Plaintiffs' claims for crop yield losses accrued at harvest time for each year.

Plaintiffs assert that "Alliance does not argue these causes of actions are time-barred, *id.*, nor does it contest that Plaintiffs have alleged ongoing violations of the Easements and AIMAs." (Resp., 13.) Plaintiffs also assert that Alliance is asking the Court to "speculate about what damages might be involved, and to limit Plaintiffs' damages claims based on that speculation." (Resp., 13.) Plaintiffs misconstrue Alliance's argument.

Alliance argues that certain of Plaintiffs' breach of contract and nuisance claims are time-barred because Plaintiffs are seeking damages for claims that are outside the statute of limitations. (*See* Def's Mem. in Supp. of Partial Mot. to Dismiss ("Def's Mem."), 6–11.) Plaintiffs' allegations of "ongoing" violations do not impact when the claims accrued. According to the Complaint, Plaintiffs' claims accrued each year no later

5

than harvest time—when they were allegedly underpaid. Thus, the face of the Complaint shows that the breach of contract and nuisance claims accrued each year at harvest time. As a result, the Complaint itself shows those claims for years outside of the limitations period are time-barred and should be dismissed.[1]

### C. The Complaint shows that the statute of limitations for Plaintiffs' claims for breach of contract and nuisance has not been tolled.

If the allegations in a complaint show that claims are time-barred, the plaintiff bears the burden of pleading and proving in the complaint that the claims are not time-barred due to some exception to the limitations. *See Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (citing *Kincheloe v. Farmer*, 214 F.2d 604, 605 (7th Cir. 1954)).

In *Summerhill*, the plaintiff filed suit against Terminix on behalf of himself and a proposed class of Terminix customers alleging breach of contract and warranty obligations, among other claims. *Id.* at 879. Concluding that Summerhill's claims would

---

[1] Plaintiffs assert that the Heins are not subject to a separate statute of limitations based on the U.S. Supreme Court's decision in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). This assertion is incorrect. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1806 (2018), the Supreme Court determined that the statute of limitations is not tolled by the filing of a class action where a late-filed class action plaintiff attempts to piggyback onto an earlier-filed class action. The Supreme Court further determined that a plaintiff must have diligently pursued its claim in order to benefit from equitable tolling in a class action. *Id.* at 1808. Here, the Heins are attempting to piggyback onto the initial complaint and they were not diligent in pursuing their claims. Rather, they declined to participate in this lawsuit initially, even though they had actual knowledge of the action as the owners of H&T, an original named plaintiff. *See Weitzner v. Sanofi Pasteur Inc.*, 909 F.3d 604, 612 (3d Cir. 2018) (finding that a professional corporation for which a named plaintiff in a previous class action was the sole shareholder was not the type of unaware, absent class member to be protected under *American Pipe*).

be time-barred unless the doctrine of fraudulent concealment tolled the applicable statute of limitations, the court stated that Summerhill had the burden to plead tolling with particularity in his complaint.[2] *Id.* at 880. Because Summerhill failed to specifically allege when and how he had or should have discovered any fraud on the part of Terminix, as required in order to toll the applicable statute of limitations, the Eighth Circuit affirmed the district court's dismissal of his complaint as time-barred. *Id.* at 881.

In *Kincheloe*, the Seventh Circuit held that the plaintiff bears the burden of alleging in the complaint that the claims were not barred by a statute of limitations. 214 F.2d at 605. In that case, Kincheloe sued the defendant to recover damages for personal injuries sustained as a result of defendant's negligent operation of an automobile. *Id.* at 604. The defendant moved to dismiss the complaint because the complaint affirmatively disclosed that the cause of action was time-barred. *Id.* at 605. Kincheloe argued that the cause of action was not barred because the statute of limitation defense must be pleaded and could not be raised in a motion to dismiss. *Id.* The Seventh Circuit affirmed the dismissal of Kincheloe's claim, determining that the defendant was not required to plead a statute of limitations defense that was clear from the face of the complaint and that it

---

[2] Fraudulent concealment is distinct from fraudulent inducement. Fraudulent concealment is a concept that may apply to toll a statute of limitations if a defendant has fraudulently concealed a cause of action until the plaintiff has discovered or has a reasonable opportunity to discover the cause of action through the exercise of due diligence. *See TCF Nat. Bank v. Mkt. Intelligence, Inc.*, 812 F.3d 701, 711 (8th Cir. 2016); *Emp'rs Mut. Cas. Co. v. Collins & Aikman Floorcoverings, Inc.*, 422 F.3d 776, 779 (8th Cir. 2005). In contrast, fraudulent inducement is a cause of action which, in the context of contract negotiations, is similar to a fraud claim.

was the burden of the plaintiff, not the defendant, to plead sufficient facts showing that the cause of action was not time-barred. *Id.*

Because the allegations in the Complaint demonstrate that some of Plaintiffs' breach of contract and nuisance claims are time-barred, Plaintiffs bear the burden of pleading otherwise. Plaintiffs have failed to do so. It is unclear what the basis for tolling the statutes of limitations would be. However, to the extent that Plaintiffs argue that the statute of limitations for their breach of contract and nuisance claims should be tolled due to fraudulent concealment, that argument fails. As in *Summerhill*, Plaintiffs would be required to plead fraudulent concealment in the Complaint with particularity, including when the fraudulent concealment was discovered, what the discovery was, how the discovery was made, and why the discovery was not made sooner. 637 F.3d at 881. They have not done so.

Although the Complaint alleges that Alliance maintained "complete control over yield data," Compl. ¶ 136, the Complaint does not allege when or how the alleged fraudulent concealment of Plaintiffs' breach of contract and nuisance claims was discovered. Indeed, the allegations in the Complaint show that their claims for breach of contract and nuisance were not fraudulently concealed, because the Complaint alleges that Plaintiffs had actual knowledge of their alleged crop damages each year, and they requested compensation for crop damages each year after harvest. (*Id.* at ¶¶ 61, 77, 91, 106.) Because Plaintiffs allege they had actual knowledge of their alleged claims each year, those claims were not fraudulently concealed, and the statute of limitations was not tolled.

**III.    The Court should dismiss Plaintiffs' fraudulent inducement claims.**

Plaintiffs' Response does not address the substance of Alliance's Motion regarding dismissal of their fraudulent inducement claims. First, Plaintiffs incorrectly assert that the District of Minnesota has adopted a different or "relaxed" standard for pleading fraud. Second, Plaintiffs' Complaint fails to allege facts showing that Alliance had an intent not to perform promises at the time they were made. Third, even if Plaintiffs had adequately pleaded fraud, their claims are time-barred because Plaintiffs' allegations demonstrate that they knew or should have known about the alleged fraud as soon as 2000, and no later than 2006. Finally, Plaintiffs' argument that Plaintiffs who were not original parties to the Easements may nonetheless assert a claim for fraudulent inducement lacks merit.

**A.    Plaintiffs misstate the legal standard for pleading a claim for fraudulent inducement based on a promise or statement of future event.**

Promises or statements of future events are not actionable as fraud unless the person making the statement had an intent not to perform at the time the statement was made. *Lahti v. Countrywide Bank, FSB*, 2012 WL 4815075, at *3 (D. Minn. Oct. 10, 2012); *Nuss v. Cent. Iowa Binding Corp.*, 284 F. Supp. 2d 1187, 1194 (S.D. Iowa 2003) (a statement of intent to perform a future act "is actionable *only if* that person had an intent not to perform *at the time* the statement was made").

In their Response, Plaintiffs do not address *Lahti* and *Nuss*, but they nevertheless argue that they are subject to a "relaxed" pleading standard regarding their claims for fraudulent inducement. (Resp., 18 (citing *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp.

2d 1103 (D. Minn. 2009).) Plaintiffs also argue that although fraud must be alleged with particularity, facts related to a defendant's intent or knowledge may be alleged "generally," and that "state of mind allegations do not need to be made with particularity." (Resp., 18 (citing *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 746 (8th Cir. 2002); 20 (citing *Int'l Travel Arrangers v. NWA Inc.*, 723 F. Supp. 141 (D. Minn. 1989); *Lamasters v. Springer*, 99 N.W. 2d 300 (Iowa 1959).) [3]  The cases cited by Plaintiff do not stand for those propositions and do not support denying Alliance's Motion.

Plaintiffs rely upon *Moua* for the proposition that "[i]n the class or collective action context, the District of Minnesota has adopted a relaxed analysis, holding it is unnecessary for Plaintiffs to outline the specifics of all instances of fraud." (Resp., 18.) *Moua* does not say this. *Moua* held that, where the plaintiffs had pleaded fraud with particularity with respect to eleven plaintiffs, they were not required to include specific allegations regarding the remaining forty-one plaintiffs because the complaint would have become unduly lengthy. *Moua*, 613 F. Supp. 2d at 1111. Unlike the plaintiff in *Moua*, the Complaint in this case failed to allege fraud with particularity with respect to any of the handful of named Plaintiffs.

Plaintiffs cite *Schaller* for the proposition that intent may be alleged generally. (Resp., 18.) *Schaller* does not address a claim for fraudulent inducement; it does not hold

---

[3] *Lamasters*, *Int'l Travel Arrangers*, and *Schaller* are pre-*Twombly*/*Iqbal* and thus apply a different pleading standard.

that a plaintiff asserting a fraudulent inducement claim may plead intent generally (*Schaller* also affirmed the district court's dismissal of the plaintiff's fraud claims).

Similarly, Plaintiff cite *Lamasters* and *Int'l Travel Arrangers* to support their contention that intent may be alleged without particularity. (Resp., 20). In *Lamasters*, the court held that the jury could reasonably find that the defendant had fraudulently induced the plaintiff to enter into an agreement, where the plaintiff showed that the defendant had misrepresented past and present facts, and where it was undisputed that the defendant would not have been unable to perform the promises at the time the promises were made. 99 N.W. 2d at 302-03. In *Int'l Travel Arrangers*, the court denied a motion to dismiss where the plaintiff had offered evidence that when the promise was made, the defendant "had already formulated a plan to drive ITA out of business." 723 F. Supp. at 154. Neither of those cases holds or suggests that a different or relaxed pleading standard applies to Plaintiffs' claims for fraudulent inducement, which are based on alleged promises.[4]

---

[4] The remaining cases cited by Plaintiffs likewise do not hold or suggest that a relaxed or different pleading standard applies; indeed, the cases address misrepresentation of past or present fact, not an alleged broken promise. *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009) (analyzing whether the defendant had made false statements of fact by submitting fraudulent claims to the government in violation of the False Claims Act); *see also U.S. ex rel. Thayer v. Planned Parenthood of the Heartland*, 765 F.3d 914 (8th Cir. 2014) (same); *U.S. ex rel. Joshi v. St. Luke's Hosp.*, 441 F.3d 552 (8th Cir. 2006) (same); *cf. Summerhill v. Terminix, Inc.*, 637 F.3d 877, 879 (8th Cir. 2011) (analyzing whether statements regarding lack of installation of complete chemical barriers were fraudulent); *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d 1103 (D. Minn. 2009) (analyzing whether statements regarding the defendant's existing financial and business circumstances were fraudulent); *Hoyt Props., Inc. v. Prod. Res. Grp., LLC*, 736 N.W.2d 313 (Minn. 2007) (analyzing whether the defendant's statements regarding the business relationship between lessee and parent company were fraudulent).

Accordingly, Plaintiffs' claims for fraudulent inducement are not subject to a relaxed or different pleading standard, and Plaintiffs are required to allege facts showing that Alliance had an intent not to perform when the alleged promises were made.

### B. The Complaint does not allege facts showing that Alliance had an intent not to perform promises when the promises were allegedly made.

Despite having already amended the Complaint once, Plaintiffs still fail to allege facts showing that Alliance had an intent to not perform when the alleged promises were made. As an initial matter, it is important to clarify that Plaintiffs do *not* allege that Alliance promised them during Easement negotiations that Alliance would create the Crop Yield Program or that it would operate the Program in perpetuity. Plaintiffs also do *not* identify any provisions in the Easements or AIMAs requiring Alliance to operate the Crop Yield Program or pay for Plaintiffs' agronomists. Rather, Plaintiffs allege that Alliance promised it would pay Plaintiffs into the future for crop losses that Plaintiffs could substantiate.[5]

Plaintiffs assert that Paragraphs 28 and 35 of their Complaint show "that at the time Alliance made these promises, Alliance intended to breach them in the future." (Resp., 21.) However, Paragraph 28 simply contains the alleged promise (that Alliance would pay crop yield losses as long as they could be substantiated); and Paragraph 35

---

[5] Plaintiffs assert that "Alliance argues that Plaintiffs' fraud claims should be dismissed because Alliance does not believe the statements in the Amended Complaint and disputes that its agents made them to Plaintiffs." (Resp., 25.) Recognizing the constraints of a Rule 12 motion and that all allegations in Plaintiffs' Complaint are accepted as true, Alliance has made no such argument. Rather, Alliance seeks dismissal of Plaintiffs' fraudulent inducement claim because, even taking all allegations as true, Plaintiffs failed to state a claim. (Def's Mem., 11–21.)

references an Alliance letter to FERC. Neither paragraph includes allegations regarding

Alliance's intent at the time the alleged promises were made:

> 28.    Shortly after sending its solicitation letters, Alliance agents began
> meeting with Land Interest Holders, their agents or representatives to
> acquire Easements. In those meetings, Alliance agents represented that
> Alliance would compensate landowners and tenants for all future damages,
> losses, or inconveniences associated with the Pipeline for as long as any
> damages, losses, or inconveniences occurred. Further, in those meetings
> with Land Interest Holders, Alliance agents represented that Alliance would
> pay crop yield losses for as long as such crop yield losses occurred and
> could be substantiated by that Land Interest Holder. Alliance agents made
> these representations to induce each Land Interest Holder to enter into
> Easements with Alliance.

> * * *

> 35.    In its September 29, 2000 letter to FERC, Alliance also stated that it
> anticipated that farmers would be able to return to "normal agricultural
> practices" by the 2001 growing season.

Even taking all the allegations in the Complaint together, the Complaint fails to

allege facts that show that Alliance had a concurrent intent not to perform. Specifically,

Plaintiffs allege that, during easement negotiations in 1998-99, Alliance made general

promises to Plaintiffs regarding crop damage payments. (*E.g.* Compl. ¶ 28.) *After* the

Easements were signed, in 2000 Alliance established the Crop Yield Program (Compl.

¶ 43), consistent with the requirement in FERC's Order that Alliance monitor crop

productivity for five years. *See* 84 FERC 61239, 1998 WL 770202, at 62226 (referred to

in Compl. ¶ 24). Also in 2000, Alliance indicated to FERC that normal agricultural

operations could resume during the 2001 growing season. (Compl. ¶ 35.) Although

Plaintiffs' state that this was "shortly thereafter" easement negotiations, in fact, the

alleged representations to FERC occurred over a year after the Easements were

negotiated. (Resp., 25; *compare* Compl. ¶ 35 *with* ¶¶ 56, 72, 86, 100.)[6] Several years later, in 2003 Alliance asked landowners to provide it with notice of their claims and three to four weeks' notice of harvest. (Compl. ¶ 46.) Several years after that, in 2006 "Alliance began requiring that all yield assessments be performed in the presence of an Alliance representative." (Compl. ¶ 47.)

These allegations say nothing about and do not allow drawing of inferences about Alliance's intent to perform the alleged promises at the time they were made. Instead, they are a recitation of events that Plaintiffs allege happened well after the alleged promises were made. Indeed, Plaintiffs' own allegation contradicts such an argument. Plaintiffs allege: "Once it became clear to Alliance that farmers would not be able to return to 'normal' operations, Alliance began taking steps to reduce its Crop Loss Program costs . . . ." (Compl. ¶ 151.) Even assuming this allegation were true, it would show that Alliance's plans regarding the Crop Yield Program changed over time – it would not show that Alliance had an intent not to perform the alleged promises when they were made. Accordingly, these allegations do not state a claim for fraudulent inducement. *Lahti*, 2012 WL 4815075, at *3.

---

[6] Similarly, Plaintiffs assert that "around the same time" that the easements were being negotiated, "Alliance also believed that the Crop Loss would cease after the 2001 growing season." (Resp., 21.) This blurs the timeline – the Easements were negotiated in 1998-99, and the statement Plaintiffs take out of context for this assertion occurred in the fall of 2000. (Compl. Ex. 11.)

**C.**     **Plaintiffs' fraudulent inducement claims are time-barred.**

Citing *Force v. ITT Hartford Life & Annuity Insurance Co.*, 4 F. Supp. 2d 843 (D. Minn. 1998), Plaintiffs assert that a "determination on whether Plaintiffs reasonably relied on Alliance's fraudulent misrepresentations, which would toll the statute of limitations" is inappropriate for a Rule 12(b)(6) motion. (Resp., 15.) *Force* does not support this assertion. In *Force*, the plaintiffs alleged that insurance sales agents misrepresented the terms of the insurance products to their customers. *Id.* 846–47. The court denied the defendants' motion to dismiss because the allegations in the complaint did not show when the claims accrued or that they would be time-barred. *Id.* at 860.

In contrast, even if Plaintiffs' fraudulent inducement claim had been pleaded with particularity, the allegations in Plaintiffs' Complaint show when Plaintiff's fraudulent inducement claim accrued and that it is now time-barred. Specifically, Plaintiffs allege that actions by Alliance in 2000, 2003, and 2006 demonstrate that Alliance did not intend to perform its promises. (Compl. ¶¶ 35, 46, 47; Response, 25.) However, Plaintiffs later ignore those same allegations when determining when their fraudulent inducement claim accrued. (Resp., 15–16.) Based on Plaintiffs' own allegations, they either discovered facts constituting the alleged fraud or should have discovered such facts through reasonable care or investigation, as early as 2000, but no later than 2006 – when Plaintiffs allege Alliance imposed "artificial road blocks" in the Crop Yield Program. Therefore, according to their own allegations, Plaintiffs' fraudulent inducement claims accrued, at the latest, in 2006, and, accordingly, are time-barred. *See Sparks v. Metalcraft, Inc.*, 408 N.W.2d 347, 352 (Iowa 1987); *Bustad v. Bustad*, 116 N.W.2d 552, 555 (Minn. 1962).

15

### D.   The Plaintiffs who were not the original parties to an Easement cannot plead a claim for fraudulent inducement.

Alliance seeks dismissal of the fraudulent inducement claims of H&T and Nicholas Hein, and the Ruebels' fraudulent inducement claim with respect to Tract No. MN-RN-0377, because they were not the original parties to the Easements. (Def's Mem., 20–21.) Remarkably, those Plaintiffs contend that the AIMAs allow them to assert a claim for fraudulent inducement, and that they may assert a fraudulent inducement claim as third-party beneficiaries of the Easements. (Resp., 28.) These arguments lack merit.

Because the Plaintiffs who were not original parties to the Easements did not receive the allegedly fraudulent statements, and were not thereby induced into entering into a contract, they therefore cannot establish a cause of action. *See Lahti v. Countrywide Bank, FSB*, 2012 WL 4815075, at *2 (D. Minn. Oct. 10, 2012) (elements of fraudulent inducement claim). Plaintiffs have not identified (nor could they) any language in the AIMAs that would excuse Plaintiffs from pleading all the elements of a claim.

To the extent that Plaintiffs may assert that these Plaintiffs qualify for third-party beneficiary status, a party only qualifies as a third-party beneficiary at the time where a contract was made for that party's direct benefit. *See WINBCO Tank Co. v. Palmer & Cay of Minn., L.L.C.*, 435 F. Supp. 2d 945, 957–58 (S.D. Iowa 2006); *Dayton Dev. Co. v. Gilman Fin. Servs., Inc.*, 299 F. Supp. 2d 933, 937 (D. Minn. 2003), *aff'd*, 419 F.3d 852 (8th Cir. 2005). While this status may give the beneficiary standing to sue for a breach of contract going forward, the beneficiary does not have standing to assert a fraud claim arising *before* the contract was actually created and based on misrepresentations not made

to the beneficiary. *See Prater v. Wackenhut Corr. Corp.*, 44 F. App'x 654 (5th Cir. 2002) (finding that the third-party beneficiary had "no standing to assert a fraud claim when no misrepresentation was made to him . . . and when he did not act upon any misrepresentation"); *Erwin v. Tex. Health Choice, L.C.*, 187 F. Supp. 2d 661, 667–68 (N.D. Tex. 2002) ("Because third party beneficiary status is not conferred on an individual until the contract itself is formed, it would be illogical for a third party beneficiary to be able to sue in tort for actions committed by the promisor to the promisee before the contract was actually created.").

Accordingly, the Court should dismiss the fraudulent inducement claims of H&T and Nicholas Hein, and the Ruebels' fraudulent inducement claim with respect to Tract No. MN-RN-0377.

## IV.   H&T's breach of contract claim should be dismissed for lack of standing because it is not a party to any easement.

Alliance seeks to dismiss H&T's breach of contract claim because it is not a party to any easement. (Def's Mem., 21.) In response, Plaintiffs assert that H&T has standing by virtue of the AIMA. (Resp., 26–28.) As an initial matter, it is not clear that the AIMAs provide tenants the right to sue Alliance under the Easements. Indeed, the Minnesota/Iowa AIMA specifically provides that a landowner's interest prevails over that of a tenant's unless the tenant can demonstrate "superior legal rights." (Compl. Ex. 8 at 3.) Here, H&T is a tenant and brings claims that are duplicative of those already brought by the underlying landowners – the Heins. H&T has not pleaded that it has superior or distinct rights from the Heins. As such, H&T's claim should be dismissed.

**V.     Plaintiffs' request for injunctive relief should be dismissed due to the existence of an adequate remedy at law.**

Plaintiffs argue that their request for injunctive relief should not be dismissed because they allege they will suffer damages in the future. This argument lacks merit. First, Plaintiffs have not alleged – nor could they – that the Crop Yield Program is required under the Easements or the AIMAs. To the contrary, those documents contain no mention of a Crop Yield Program. Plaintiffs have failed to plausibly plead that they are entitled to restoration of the Crop Yield Program and, accordingly, they are not entitled to injunctive relief to restore it.

Second, even if the Crop Yield Program was restored, according to Plaintiffs' allegations, the Program would result in the payment of money to Plaintiffs for their alleged crop yield loss. Because the remedy sought by Plaintiffs for both past and future alleged harm *is* money damages, injunctive relief is inappropriate. *See, e.g.*, *Sierra Petroleum Co. v. Pats 66, Inc.*, 2007 WL 1057055, at *3 (D. Minn. Apr. 6, 2007) ("Plainly, this is a typical breach of contract action that does not merit the extraordinary remedy of injunctive relief."). Plaintiffs do not address this issue.

**VI.    Plaintiffs should not be allowed to amend their already-amended Complaint.**

Plaintiffs ask that, should the Court dismiss any of their claims, the dismissal be without prejudice and with leave to re-plead. (Resp., 16.) The Court should reject this request because leave to amend would be futile. *E.g.*, *Ikechi v. Verizon Wireless*, 2011 WL 2118797, at *5 n.6 (D. Minn. Apr. 7, 2011) (recommending dismissal with prejudice rather than permission to re-plead because it was "unlikely that [plaintiff] could satisfy

18

the prima facie elements of fraud upon re-pleading"); *see also U.S. ex rel. Joshi v. St. Luke's Hosp.*, 441 F.3d 552, 558–59 (8th Cir. 2006) (affirming district court's denial of leave to amend and stating that "denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party") (quotations omitted).). Plaintiffs filed the Amended Complaint after having had the benefit of Alliance's initial motion to dismiss and related papers, which made many of the same arguments as Alliance raises now. If Plaintiffs were unable to re-plead their allegations sufficiently to survive a motion to dismiss under these circumstances, then allowing Plaintiffs to re-plead a second time would be futile.

## CONCLUSION

For the foregoing reasons, the Court should grant Alliance Pipeline, L.P.'s partial motion to dismiss and enter an order as follows:

1.    Dismissing all of Plaintiffs' claims for nuisance and breach of contract outside the statute of limitations;

2.    Dismissing all of Plaintiffs' claims for fraudulent inducement;

3.    Dismissing the breach of contract claim asserted by Plaintiff H&T Fair Hills Ltd. in its entirety; and

4.    Dismissing Plaintiffs' request for injunctive relief.

Dated:  August 28, 2019          s/ Nicole M. Moen
                                            Nicole M. Moen (#0329435)
                                            Haley L. Waller Pitts (#0393470)
                                            Samuel M. Andre (#0399669)
                                            **FREDRIKSON & BYRON, P.A.**
                                            200 South Sixth Street, Suite 4000
                                            Minneapolis, MN  55402-1425
                                            Telephone: 612.492.7000
                                            Facsimile:  612.492.7077
                                            nmoen@fredlaw.com
                                            hwallerpitts@fredlaw.com
                                            sandre@fredlaw.com

                                            **Attorneys for Defendant**
                                            **Alliance Pipeline L.P.**

67742532