UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| H & T Fair Hills, Ltd., Mark Hein, Debra Hein, Nicholas Hein, Norman Zimmerman, Donna Zimmerman, Steven Wherry, Valerie Wherry, Robert Ruebel, Mary Ruebel and Larry Ruebel, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>Alliance Pipeline L.P. a/k/a Alliance USA,<br><br>            Defendant. | Court File No. 19-cv-01095 (JNE/BRT)<br><br><br>**DEFENDANT'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Alliance Pipeline L.P. ("Defendant") makes the following Answer to the First Amended Class Action Complaint ("Complaint") of Plaintiffs H & T Fair Hills, Ltd., Mark Hein, Debra Hein, Nicholas Hein, Norman Zimmerman, Donna Zimmerman, Steven Wherry, Valerie Wherry, Robert Ruebel, Mary Ruebel and Larry Ruebel, on behalf of themselves and all others similarly situated (collectively, the "Plaintiffs"). Defendant denies each and every allegation contained in the Complaint unless hereafter admitted, qualified, or otherwise answered. To the extent an allegation or claim has been dismissed by the Court's October 17, 2019, Order (Doc. No. 49), Defendant does not respond to such allegation or claim.

### NATURE OF THE ACTION

1.      With respect to Paragraph 1, Defendant admits upon information and belief.

1

2.      Defendant denies the allegations in Paragraph 2.

**PARTIES**

3.      With respect to Paragraph 3, Defendant admits only that it is a limited partnership owned by affiliates of Enbridge Inc. and Pembina Pipeline Corporation and that it has an office located in Eden Prairie, Minnesota.

4.      Defendant admits the allegations in Paragraph 4.

5.      Defendant generally lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5. Defendant admits that it is the grantee in the Easements referenced in this paragraph.

6.      Defendant generally lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 6. Defendant admits that it is the grantee in the Easements referenced in this paragraph.

7.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 7.

8.      Defendant generally lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 8. Defendant admits that it is the grantee in the Easements referenced in this paragraph.

9.      Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9. Defendant admits that it is the grantee in the Easements referenced in this paragraph.

10. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 10. Defendant admits that it is the grantee in the Easements referenced in this paragraph.

## JURISDICTION AND VENUE

11. Paragraph 11 asserts legal conclusions to which no response is required.

12. Paragraph 12 asserts legal conclusions to which no response is required.

13. Paragraph 13 asserts legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

### The Pipeline

14. Defendant admits Paragraph 14.

15. Defendant admits Paragraph 15.

### FERC Authorization and the Agricultural Impact Mitigation Agreements

16. With respect to Paragraph 16, Defendant states that the referenced application speaks for itself.

17. With respect to Paragraph 17, Defendant states that the referenced application speaks for itself.

18. With respect to Paragraph 18, Defendant states that the Agricultural Impact Mitigation Agreements ("AIMAs") speak for themselves.

19. With respect to Paragraph 19, Defendant states that the AIMA speaks for itself.

20. With respect to Paragraph 20, Defendant states that the AIMA speaks for itself.

21. With respect to Paragraph 21, Defendant states that the AIMA speaks for itself.

22. With respect to Paragraph 22, Defendant states that the AIMAs speak for themselves and that this Paragraph 22 asserts a legal conclusion to which no response is required.

23. With respect to Paragraph 23, Defendant states that the AIMAs speak for themselves.

24. With respect to Paragraph 24, Defendant states that the referenced FERC Certificate speaks for itself.

25. With respect to Paragraph 25, Defendant states that the referenced documents speak for themselves.

### The Easements

26. With respect to Paragraph 26, Defendant admits only that Alliance acquired easements for the pipeline.

27. With respect to Paragraph 27, Defendant admits only that Alliance solicited and acquired easements for the pipeline.

28. With respect to Paragraph 28, Defendant admits only that its employees and agents met with Land Interest Holders regarding easements. Defendant further states that the Easements at issue speak for themselves.

29. With respect to Paragraph 29, Defendant states that the Easements speak for themselves and that this Paragraph contains legal conclusions to which no response is required.

30. With respect to Paragraph 30, Defendant states that the referenced documents speak for themselves and that this Paragraph contains legal conclusions to which no response is required.

31. Defendant admits Paragraph 31.

### Pipeline Construction

32. Defendant admits Paragraph 32.

33. With respect to Paragraph 33, Defendant admits only that construction of the Pipeline impacted land in North Dakota, Minnesota, Iowa, and Illinois. Defendant lacks sufficient knowledge or information at this time regarding the specific acres impacted by construction of the Pipeline.

34. With respect to Paragraph 34, Defendant states that the referenced documents speak for themselves. Defendant admits that it requested to commence service on September 14, 2000.

35. With respect to Paragraph 35, Defendant states that the referenced document speaks for itself.

36. Defendant admits Paragraph 36.

37. With respect to Paragraph 37, Defendant admits only that the Pipeline has been operational since December 2000.

38. Defendant denies Paragraph 38.

39. With respect to Paragraph 39, Defendant denies that heat from the Pipeline results in snowmelt in the winter. Defendant further denies that heat transfer from the Pipeline causes crop yield losses along the entire length of the Pipeline. To the extent the

photographs following this Paragraph are construed as allegations, Defendant lacks sufficient knowledge or information regarding such photographs to admit or deny any related allegations.

40. Defendant denies Paragraph 40.

41. Defendant denies Paragraph 41. To the extent the photograph following this Paragraph is construed as an allegation, Defendant lacks sufficient knowledge or information regarding such photographs to admit or deny any related allegations.

42. Defendant denies Paragraph 42.

## The Alliance Crop Loss Program

43. With respect to Paragraph 43, Defendant admits only that it began a crop yield monitoring program in 2001. Defendant denies the remaining allegations in Paragraph 43.

44. With respect to Paragraph 44, Defendant states that the referenced documents speak for themselves. Defendant denies Plaintiffs' characterization of such documents as an acknowledgement or admission of liability.

45. With respect to Paragraph 45, Alliance admits only that it paid for and retained agronomists for certain Land Interest Holders to conduct crop assessments as part of the Crop Yield Program.

46. With respect to Paragraph 46, Defendant states that the referenced document speaks for itself.

47. With respect to Paragraph 47, Defendant states that the referenced document speaks for itself.

48. With respect to Paragraph 48, Defendant states that the referenced document speaks for itself.

### Alliance Unilaterally Terminated the Crop Loss Program

49. With respect to Paragraph 49, Defendant states that the referenced document speaks for itself and that this Paragraph contains a legal assertion to which no response is required.

50. Paragraph 50 contains a legal assertion to which no response is required. To the extent a response is determined to be required, Defendant denies Paragraph 50.

51. Paragraph 51 contains a legal assertion to which no response is required. To the extent a response is determined to be required, Defendant denies Paragraph 51.

52. With respect to Paragraph 52, Defendant states that the referenced document speaks for itself and that this paragraph contains a legal assertion to which no response is required.

53. With respect to Paragraph 53, the term "many" is undefined in the paragraph and therefore Defendant lacks sufficient knowledge or information to admit or deny the allegations.

54. Paragraph 54 contains a legal assertion to which no response is required.

55. Paragraph 55 contains a legal assertion to which no response is required.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFFS H&T FAIR HILLS, LTD., MARK HEIN, DEBRA HEIN, AND NICHOLAS HEIN**

56. Defendant admits Paragraph 56.

57.   With respect to Paragraph 57, Defendant states that the Easements speak for themselves and deny Plaintiffs' characterization of any statements as inconsistent with the Easements.

58.   Defendant denies Paragraph 58.

59.   Defendant denies Paragraph 59.

60.   Defendant denies Paragraph 60.

61.   With respect to Paragraph 61, Defendant admits only that it remitted payments to the referenced Plaintiffs in some of the years from 2000 through 2014. Defendant denies any remaining allegations in this Paragraph.

62.   Paragraph 62 is a legal assertion to which no response is required.

63.   With respect to Paragraph 63, Defendant admits only that it remitted payments to the referenced Plaintiffs in some of the years from 2000 through 2014. Defendant denies any remaining allegations in this Paragraph.

64.   Defendant denies the first sentence in Paragraph 64. With respect to the second sentence in Paragraph 64, Defendant denies that Plaintiffs are entitled to such relief.

65.   With respect to Paragraph 65, Defendant states that, in each year Defendant made a payment to Plaintiffs, Plaintiffs were informed of the basis for such payment. Defendant denies any remaining allegations in Paragraph 65.

66.   Defendant denies Paragraph 66.

67.   Defendant denies Paragraph 67.

68.   Paragraph 68 is a legal assertion to which no response is required.

69. With respect to Paragraph 69, Defendant admits only that Plaintiff Nicholas Hein submitted correspondence to Defendant in August 2015 which sought payment from Defendant.

70. With respect to Paragraph 70, Defendant states that the referenced document speaks for itself.

71. Paragraph 71 is a legal assertion to which no response is required.

### FACTUAL ALLEGATIONS RELATED TO PLAINTIFFS NORMAN AND DONNA ZIMMERMAN

72. Defendant admits Paragraph 72.

73. With respect to Paragraph 73, Defendant states that the Easements speak for themselves and deny Plaintiffs' characterization of any statements as inconsistent with the Easements.

74. Defendant denies Paragraph 74.

75. Defendant denies Paragraph 75.

76. Defendant denies Paragraph 76.

77. With respect to Paragraph 77, Defendant admits only that it remitted payments to the referenced Plaintiffs in some of the years from 2000 through 2014. Defendant denies any remaining allegations in this Paragraph.

78. Paragraph 78 is a legal assertion to which no response is required.

79. With respect to Paragraph 79, Defendant admits only that it remitted payments to the referenced Plaintiffs in some of the years from 2000 through 2014. Defendant denies any remaining allegations in this Paragraph.

80. Defendant denies the first sentence in Paragraph 80. With respect to the second sentence in Paragraph 80, Defendant denies that Plaintiffs are entitled to such relief.

81. With respect to Paragraph 81, Defendant states that, in each year Defendant made a payment to Plaintiffs, Plaintiffs were informed of the basis for such payment. Defendant denies any remaining allegations in Paragraph 81.

82. Defendant denies Paragraph 82.

83. Defendant denies Paragraph 83.

84. Paragraph 84 is a legal assertion to which no response is required.

85. Paragraph 85 is a legal assertion to which no response is required.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFFS STEVEN AND VALERIE WHERRY**

86. Defendant admits Paragraph 86.

87. With respect to Paragraph 87, Defendant states that the Easements speak for themselves and deny Plaintiffs' characterization of any statements as inconsistent with the Easements.

88. Defendant denies Paragraph 88.

89. Defendant denies Paragraph 89.

90. Defendant denies Paragraph 90.

91. With respect to Paragraph 91, Defendant admits only that it remitted payments to the referenced Plaintiffs in some of the years from 2000 through 2014. Defendant denies any remaining allegations in this Paragraph.

92. Paragraph 92 is a legal assertion to which no response is required.

93. With respect to Paragraph 93, Defendant admits only that it remitted payments to the referenced Plaintiffs in some of the years from 2000 through 2014. Defendant denies any remaining allegations in this Paragraph.

94. Defendant denies Paragraph 94.

95. With respect to Paragraph 95, Defendant states that, in each year Defendant made a payment to Plaintiffs, Plaintiffs were informed of the basis for such payment. Defendant denies any remaining allegations in Paragraph 95.

96. Defendant denies Paragraph 96.

97. Defendant denies Paragraph 97.

98. Paragraph 98 is a legal assertion to which no response is required.

99. Paragraph 99 is a legal assertion to which no response is required.

**FACTUAL ALLEGATIONS RELATED TO PLAINTIFFS ROBERT RUEBEL, MARY RUEBEL, AND LARRY RUEBEL**

100. Defendant lacks sufficient knowledge or information to admit or deny the allegations in the first sentence of Paragraph 100. The second sentence of Paragraph 100 contains a legal assertion to which no response is required.

101. Defendant admits Paragraph 101.

102. With respect to Paragraph 102, Defendant states that the Easements speak for themselves and deny Plaintiffs' characterization of any statements as inconsistent with the Easements.

103. Defendant denies Paragraph 103.

104. Defendant denies Paragraph 104.

105. Defendant denies Paragraph 105.

106. With respect to Paragraph 106, Defendant admits only that it remitted payments to the referenced Plaintiffs in some of the years from 2000 through 2014. Defendant denies any remaining allegations in this Paragraph.

107. Paragraph 107 is a legal assertion to which no response is required.

108. With respect to Paragraph 108, Defendant admits only that it remitted payments to the referenced Plaintiffs in some of the years from 2000 through 2014. Defendant denies any remaining allegations in this Paragraph.

109. Defendant denies Paragraph 109.

110. With respect to Paragraph 110, Defendant states that, in each year Defendant made a payment to Plaintiffs, Plaintiffs were informed of the basis for such payment. Defendant denies any remaining allegations in Paragraph 110.

111. Defendant denies Paragraph 111.

112. Defendant denies Paragraph 112.

113. Paragraph 113 contains a legal assertion to which no response is required.

114. Paragraph 114 contains a legal assertion to which no response is required.

## CLASS ACTION ALLEGATIONS

115. Paragraph 115 is a legal assertion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 115.

116. Paragraph 116 is a legal assertion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 116.

117. Paragraph 117 is a legal assertion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 117.

118. Paragraph 118 is a legal assertion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 118.

119. Paragraph 119 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 119.

120. Paragraph 120 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 120.

121. Paragraph 121 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 121.

122. Paragraph 122 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 122.

123. Paragraph 123 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 123.

124. Paragraph 124 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 124.

125. Paragraph 125 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 125.

## COUNT I – BREACH OF CONTRACT

126. Defendant restates its responses to the allegations in Paragraphs 1 through 125 and incorporates them herein by reference.

127. With respect to Paragraph 127, Defendant admits that it holds the real property interests needed for the construction and operation of the Pipeline. Defendant denies that each and every Plaintiff and putative class member was an original party to the Easements.

128. With respect to Paragraph 128, Defendant states that the Easements speak for themselves.

129. With respect to Paragraph 129, Defendant states that the AIMAs speak for themselves.

130. Paragraph 130 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 130.

131. Paragraph 131 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 131.

132. With respect to Paragraph 132, Defendant states that the referenced documents speak for themselves.

133. With respect to Paragraph 133, Defendant admits that some Plaintiffs incurred crop damages as a result of Pipeline construction. Defendant further states that Plaintiffs have been compensated for such damages. Defendant denies that all Class Members have suffered and continue to suffer crop yield losses. Defendant denies any remaining allegations in this Paragraph.

134. With respect to the first sentence in Paragraph 134, Defendant denies that Plaintiffs and Class Members were not adequately compensated. With respect to the

second sentence in Paragraph 134, Defendant denies that Plaintiffs and Class Members are entitled to the referenced relief.

135. With respect to the first sentence in Paragraph 135, Defendant admits that it retained and paid for some agronomists for some land interest holders. Defendant further states that the documents referenced in this Paragraph speak for themselves. Defendant denies any remaining allegations in this Paragraph.

136. Defendant denies Paragraph 136.

137. With respect to Paragraph 137, Defendant denies that Plaintiffs and Class Members are entitled to the referenced relief.

138. Paragraph 138 contains legal assertions to which no response is required.

## COUNT II - NUISANCE

139. Defendant restates its responses to the allegations in Paragraphs 1 through 138 and incorporates them herein by reference.

140. Defendant denies Paragraph 140.

141. Defendant denies Paragraph 141.

142. With respect to Paragraph 142, Defendant lacks sufficient knowledge or information to admit or deny the allegations regarding the condition of the property of Plaintiffs and Class Members. Defendant denies that any such "soggy" condition is caused by the Pipeline.

143. With respect to Paragraph 143, Defendant lacks sufficient knowledge or information to admit or deny the allegations regarding the condition of the property of

Plaintiffs and Class Members. Defendant denies that any such condition is caused by the Pipeline.

144. Paragraph 144 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 144.

145. Paragraph 145 contains legal assertions to which no response is required.

146. Paragraph 146 contains legal assertions to which no response is required.

## COUNT III – FRAUDULENT INDUCEMENT

147. This claim was dismissed by the Court's October 17, 2019, Order (Doc. No. 49). Defendant will not respond to the allegations in Paragraphs 147-158.

## COUNT IV – DECLARATORY JUDGMENT

159. Paragraph 159 contains a legal assertion to which no response is required.

160. Paragraph 160 is a request for relief to which no response is required.

Defendant denies that Plaintiffs are entitled to any relief, including that requested in Sections A – G of Plaintiffs' Prayer for Relief, and further states that the relief requested in Section D for "requiring Defendant to restore the Crop Loss Program in compliance with the obligations imposed by the Easements and AIMAs was dismissed by the Court's October 17, 2019, Order (Doc. No. 49).

## **DEFENSES**

### FIRST DEFENSE

The Complaint fails to state a cause of action for which relief may be granted.

**SECOND DEFENSE**

Plaintiffs' claims and the claims of the putative class members are barred in whole or in part because Plaintiffs and the putative class members lack standing to assert the alleged claims.

**THIRD DEFENSE**

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because the damages sought by Plaintiffs and the putative class members are speculative, remote, and/or impossible to ascertain.

**FOURTH DEFENSE**

Plaintiffs' claimed damages, if any, are not recoverable because Plaintiffs have failed to mitigate or avoid said damages. Similarly, members of the putative class that Plaintiffs seek to represent failed to mitigate their claimed damages, if any.

**FIFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

**SIXTH DEFENSE**

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by the doctrines of waiver, accord and satisfaction, estoppel, and laches.

**SEVENTH DEFENSE**

The alleged conduct of Defendant was not the cause of proximate cause of the losses alleged by Plaintiffs and the putative class members.

## EIGHTH DEFENSE

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, by contractual agreement to release claims against Defendant.

Defendant reserves the right to assert additional affirmative defenses, counterclaims, and/or third-party claims that may appear or become available as discovery and investigation progresses, and hereby reserves the right to amend its Answer to assert any such defenses or claims.

## PRAYER FOR RELIEF

WHEREFORE, having stated its answer and affirmative defenses, Defendant prays for relief as follows:

1. That this lawsuit be dismissed with prejudice;

2. That this action proceed between the named parties only, and that no class action be permitted under Fed. R. Civ. P. 23 and no class be certified under Fed. R. Civ. P. 23(c);

3. For attorneys' fees and costs as permitted by law; and

4. For such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated:  November 1, 2019 | s/ Nicole M. Moen<br>Nicole M. Moen (#0329435)<br>Haley L. Waller Pitts (#0393470)<br>Samuel M. Andre (#0399669)<br>**FREDRIKSON & BYRON, P.A.**<br>200 South Sixth Street, Suite 4000<br>Minneapolis, MN  55402-1425<br>Telephone: 612.492.7000<br>Facsimile:  612.492.7077<br>nmoen@fredlaw.com<br>hwallerpitts@fredlaw.com<br>sandre@fredlaw.com<br><br>**Attorneys for Defendant**<br>**Alliance Pipeline L.P.** |