# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| H&T Fair Hills, Ltd., Norman Zimmerman, Donna Zimmerman, Steven Wherry, Valerie Wherry, Robert Ruebel, Mary Ruebel, Larry Ruebel, Mark Hein, Debra Hein, and Nicholas Hein, on behalf of themselves and all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>Alliance Pipeline L.P., also known as Alliance USA,<br><br>    Defendant. | Civ. No. 19-1095 (JNE/BRT)<br><br><br><br><br><br><br><br>**ORDER** |

Anne T. Regan, Esq., Gregory S. Otsuka, Esq., Michael R. Cashman, Esq., Hellmuth & Johnson, counsel for Plaintiff.

Haley L. Waller Pitts, Esq., Nicole M. Moen, Esq., and Samuel Andre, Esq., Fredrikson & Byron, PA, counsel for Defendant.

This matter is before the Court on Defendant's Motion to Compel Production of Documents in Response to Defendant's Requests for the Production of Documents (Set II) (Doc. No. 208). Federal Rule of Civil Procedure 26 governs discovery in federal court. Federal Rule of Civil Procedure 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

>   (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>   (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Federal Rule of Civil Procedure 26(b)(1) provides:

>   Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

The Court has reviewed each discovery request at issue and considered both the relevance and proportionality of the discovery sought based on the limited information provided. Based on the Court's consideration, and the file, submissions, and proceedings herein, the Court grants in part and denies in part Defendant's motion as stated below.

**IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Compel Production of Documents in Response to Defendant's Requests for the Production of Documents (Set II) (Doc. No. 208) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. Plaintiffs' general objection that that the Requests at issue are untimely in light of the October 1, 2020 substantial completion date identified in the Second Amended Pretrial Scheduling Order is overruled.

   b. Regarding Request No. 1 (Documents sufficient to show crop yields on all parcels owned, leased, or farmed by Named Plaintiffs, regardless of whether such parcel is crossed by the Alliance Pipeline, for each year in which Plaintiffs are seeking damages), the motion is granted in part and denied in part. The request is granted only as to such parcels crossed by the Alliance Pipeline and those parcels immediately adjacent to those parcels crossed by the Alliance Pipeline.

c. Regarding Request No. 2 (The agreement(s) or document(s) pursuant to which Mr. Nicholas Hein purchased Tract IA-JO-0467), the motion is granted to the extent the request is not otherwise moot.

d. Regarding Request No. 3 (Documents reflecting any easements (other than the Alliance easements), including but not limited to Conservation Reserve Program easements, on all parcels owned, leased, or farmed by Named Plaintiffs), the motion is denied as overly broad and not proportional.

e. Regarding Request No. 4 (Documents reflecting Named Plaintiffs' crop sales, including but not limited to any sales agreements, for any year in which Plaintiffs seek damages. (E.g., N. Hein Dep. at 55.), the motion is granted in part but limited to crop sales relating to the parcels crossed by the Alliance Pipeline.

f. Regarding Request No. 5 (Documents reflecting any easements or tenancy agreements to which a Named Plaintiff is a party), the motion granted in part but limited to only easements or tenancy agreements relating to the parcels crossed by the Alliance Pipeline.

g. Regarding Request No. 6 (Documents concerning Named Plaintiffs' farming and land management practices on all parcels owned, leased, or farmed by Named Plaintiffs, regardless of whether such parcel is crossed by the Alliance Pipeline, for each year in which Plaintiffs are seeking damages. For the purposes of this Request, "farming and land management practice" includes, but is not limited to, timing of planting, timing of harvesting, seed hybrid selection, fertilizer selection and use, weed management, and pesticide selection and use), the motion is granted in part, but limited to only those documents concerning Named Plaintiffs' farming and land management practices on parcels owned, leased, or farmed by Named Plaintiffs if that parcel was crossed by the Alliance Pipeline or that parcel was immediately adjacent to those parcels crossed by the Alliance Pipeline.

h. Regarding Request No. 7 (Documents reflecting lease and/or rent payment made by H&T Fair Hills, Ltd., including but not limited to tax records. (*See*, e.g., H&T Fair Hills Dep. at 38-39.), the motion is denied as minimally relevant and not proportional.

i. Regarding Request No. 8 (Documents reflecting any Named Plaintiffs' participation in any program (including but not limited to receipt of subsidies) operated or administered by any local, state, or federal agency including but not limited to Farm Services Agency. (*See*, e.g., H&T Fair Hills Dep. at 163.), the motion is granted in part but limited to only participation in programs that related to the parcels crossed by the Alliance Pipeline.

3

j.  Regarding Request No. 9 (Documents related to any putative Class Member's potential claim), the motion is denied as overly broad and not proportional.

2. Plaintiffs must provide documents in their custody and control that are responsive to those requests granted above (as limited), on or before **January 15, 2021**.

3. Plaintiffs' request for attorneys' fees is **DENIED**.

Dated: December 17, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge