UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

H & T Fair Hills, Ltd., Mark Hein, Debra
Hein, Nicholas Hein, Norman Zimmerman,
Donna Zimmerman, Steven Wherry, Valerie
Wherry, Robert Ruebel, Mary Ruebel, and
Larry Ruebel, on behalf of themselves and
all others similarly situated,

      Plaintiffs,

v.                                                              Case No. 19-cv-1095 (JNE/DTS)
                                                             ORDER

Alliance Pipeline L.P., a/k/a Alliance USA,

      Defendant.

This case is before the Court on Plaintiffs' Motion for Reconsideration. For the reasons set forth below, the Court grants the motion.

To facilitate the construction and operation of a natural gas pipeline, Alliance Pipeline L.P. obtained easements on agricultural property in North Dakota, Minnesota, Iowa, and Illinois. Claiming that Alliance failed to compensate them for losses associated with the pipeline, Plaintiffs brought this action against Alliance. Plaintiffs moved to certify a class. The Court granted their motion and certified this class: "All persons or entities who held or hold a land interest on Defendant's Pipeline Right of Way and who, since 2014, were or are eligible for crop loss compensation pursuant to Easements or Agricultural Impact Mitigation Agreements." Alliance petitioned for permission to appeal the Order certifying the class. The United States Court of Appeals for the Eighth Circuit denied Alliance's petition.

1

After the Court certified the class, Alliance moved to compel arbitration and to dismiss arbitrable claims. Alliance stated that "[t]he certified class includes class members who are subject to individual arbitration clauses in their respective easement," that "Alliance has not waived enforcement of arbitration provisions," that the Court must either dismiss or stay the claims of plaintiffs whose easements contain arbitration provisions, and that the Court should dismiss the claims. To support its argument that the Court should dismiss the claims, Alliance relied on *Green v. SuperShuttle International, Inc.*, 653 F.3d 766 (8th Cir. 2011). In *Green*, the Eighth Circuit stated that it had not "previously addressed which standard of review applies when a party challenges the district court's dismissal of an action in favor of arbitration, as opposed to a stay of the action," and that "such a decision should be reviewed for an abuse of discretion." 653 F.3d at 769.

The Court granted in part and denied in part Alliance's motion to compel arbitration and to dismiss arbitrable claims:

> Alliance has presented valid arbitration agreements that apply to some but not all of the issues in this litigation. Resolving non-arbitrable issues on a class-wide basis before addressing issues that are arbitrable with respect to some class members will fulfill the purposes of class treatment. The Court therefore will grant a limited stay of its consideration of arbitrable issues as to class members who are subject to arbitration agreements.

The Court issued this stay:

> Claims concerning tracts that are subject to easements containing arbitration agreements . . . are STAYED only as to the following issues: whether crop damages arising from the Pipeline have occurred or will occur on those tracts; and the

2

amount or value of those damages. With respect to all other issues, litigation shall proceed.

Alliance appealed.

On appeal, Alliance asserted the Court "correctly held that the Arbitration Easements contain enforceable agreements to arbitrate, and that Plaintiffs who are subject to Arbitration Easements must arbitrate their claims for crop damage." Alliance maintained that the Court erred by "carv[ing] out three crop damage issues for litigation, not arbitration." Alliance argued that the Eighth Circuit "should enforce the Arbitration Easements, reverse the District Court's decision to deny in part Alliance's Motion to Compel Arbitration, and remand to the District Court to dismiss without prejudice the claims of Plaintiffs subject to Arbitration Easements." To support its argument that the claims of Plaintiffs subject to arbitration easements should be dismissed, Alliance relied on *Sommerfeld v. Adesta, LLC*, 2 F.4th 758 (8th Cir. 2021). In that case, the Eighth Circuit, quoting *Green*, stated:

> While the Federal Arbitration Act "generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it[,] . . . district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration."

*Sommerfeld*, 2 F.4th at 762 (alterations in original) (quoting *Green*, 653 F.3d at 769–70).

The Eighth Circuit affirmed in part and reversed in part. *H&T Fair Hills, Ltd. v. Alliance Pipeline L.P.*, 76 F.4th 1093, 1097 (8th Cir. 2023). The court of appeals rejected Plaintiffs' waiver argument: "Alliance acted consistently with its right to arbitrate by filing a motion to compel arbitration quickly after the class was certified to include some

3

plaintiffs whose easements have an arbitration provision." *H&T Fair Hills*, 76 F.4th at 1100. The Eighth Circuit "agree[d] with the district court that the damages issues are subject to arbitration for the plaintiffs whose easements contain an arbitration provision." *Id.* The court of appeals "conclude[d] that the three issues carved out by the district court to remain in litigation are also subject to the arbitration provisions." *Id.* at 1101. Having "conclude[d] the district court properly ordered arbitration of damages issues but erred in carving out issues from arbitration," *id.* at 1099, the Eighth Circuit directed this Court to dismiss the arbitration class members' claims without prejudice:

> Essentially, the district court will be required to dismiss from the class those members subject to arbitration agreements. As to the arbitration class members, the claims should be dismissed without prejudice. As to the members of the class without arbitration provisions, we see no reason why these class members cannot proceed with the lawsuit in the normal course at the district court.

*Id.* at 1101–02.

After the Eighth Circuit issued the mandate, the Court dismissed the claims of class members subject to arbitration agreements without prejudice. Several months later, the United States Supreme Court decided *Smith v. Spizzirri*, 601 U.S. 472 (2024).

In *Spizzirri*, "current and former delivery drivers for an on-demand delivery service" brought an action in state court for alleged "violations of federal and state employment laws." 601 U.S. at 474. "After removing the case to federal court, respondents moved to compel arbitration and dismiss the suit." *Id.* The drivers "conceded that all of their claims were arbitrable, but they argued that § 3 of the [Federal Arbitration Act] required the District Court to stay the action pending arbitration rather

4

than dismissing it entirely." *Id.* "The District Court issued an order compelling arbitration and dismissing the case without prejudice." *Id.* The United States Court of Appeals for the Ninth Circuit affirmed. *Id.* Answering a question previously left open[1] and resolving a circuit split, *id.* at 475, the Supreme Court reversed the Ninth Circuit and remanded for further proceedings, *id.* at 479. The Supreme Court stated that section 3 of the Federal Arbitration Act does not "permit[] a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration":

> The Federal Arbitration Act (FAA) sets forth procedures for enforcing arbitration agreements in federal court. Section 3 of the FAA specifies that, when a dispute is subject to arbitration, the court "shall on application of one of the parties stay the trial of the action until [the] arbitration" has concluded. The question here is whether § 3 permits a court to dismiss the case instead of issuing a stay when the dispute is subject to arbitration and a party requests a stay pending arbitration. It does not.

*Id.* at 473–74 (alteration in original) (citation omitted).

In its description of the circuit split, the Supreme Court cited the Eighth Circuit's decision in *Green* as one that "recogniz[es] a district court's discretion to dismiss, rather than stay, [an] action where all of the issues are subject to arbitration." *Id.* at 475 n.1 (citing *Green*, 653 F.3d at 769–70). The Supreme Court rejected the Eighth Circuit's position: "When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have

---

[1] *Spizzirri*, 601 U.S. at 475 n.1 (citing *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 181 n.1 (2019), and *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 87 n.2 (2000)).

discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Id.* at 475-76. As noted above, Alliance relied on *Green* to support its argument that the Court should dismiss the claims of plaintiffs whose easements contain arbitration provisions, and, on appeal, Alliance relied on *Sommerfeld*, which quotes *Green*.

After the Supreme Court decided *Spizzirri*, Plaintiffs requested and received permission to file a motion to reconsider. *See* D. Minn. LR 7.1(j). Plaintiffs moved the Court to vacate the dismissal of "the claims of Class members who are subject to arbitration agreements" and to "stay[] trial of claims of those Class members." Plaintiffs asserted that *Spizzirri* is an intervening change in controlling law that the Court must follow and that their motion is timely. Alliance responded that Plaintiffs' motion should be denied for four reasons: (1) the Court lacks authority to revise the Eighth Circuit's decision; (2) "the Eighth Circuit's holding and direction are not affected by" *Spizzirri*; (3) "*Spizzirri* does not and cannot apply retroactively in this case"; and (4) Plaintiffs' requested relief is "fraught with problems."

"Law of the case terminology is often employed to express the principle that inferior tribunals are bound to honor the mandate of superior courts within a single judicial system." *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) (citation omitted); *see Lamb Eng'g & Constr. Co. v. Neb. Pub. Power Dist.*, 145 F.3d 996, 998 (8th Cir. 1998) ("Under the law of the case doctrine, the district court was bound on remand to obey the Eighth Circuit's mandate and not to re-examine issues already settled by our prior panel opinion."); *Jaramillo v. Burkhart*, 59 F.3d 78, 80 (8th Cir. 1995) ("Under the law of the case doctrine, a district court must follow our mandate, and we

retain the authority to decide whether the district court scrupulously and fully carried out our mandate's terms."). "Absent a change in the governing law, when a case is remanded for further proceedings, the appellate mandate must be followed 'unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest injustice.'" *United States v. Winters*, 600 F.3d 963, 965 (8th Cir. 2010) (quoting *Bartsh*, 69 F.3d at 866); *see Carmody v. Bd. of Trs.*, 893 F.3d 397, 407–08 (7th Cir. 2018) ("Both the mandate rule and the law-of-the-case doctrine are strong, but they can bend in sufficiently compelling circumstances. The mandate rule may give way 'in light of subsequent factual discoveries or changes in the law.' And the law-of-the-case doctrine may yield 'if an intervening change in the law, or some other special circumstance, warrants reexamining the claim.'" (citations omitted)); 18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478.3 (3d ed. 2019) ("If final judgment has not yet been entered, a compelling showing may justify departure from the mandate. The most likely justification arises when events outside the particular action establish a clear change in controlling law.").

When the Eighth Circuit directed the Court to dismiss the claims of arbitration class members without prejudice, district courts in the Eighth Circuit could, "in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Sommerfeld*, 2 F.4th at 762 (quoting *Green*, 653 F.3d at 769–70). The Supreme Court's decision in *Spizzirri* is an intervening change of law by a controlling authority: "When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending

7

arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." 601 U.S. at 475–76.

According to Alliance, "*Spizzirri* is not applicable to this case." Alliance asserted that "the unnamed individuals with arbitration agreements are not parties to the case," that *Spizzirri* does not apply to nonparties, and that Plaintiffs are attempting to avoid application of the Federal Arbitration Act. The Court certified a class that includes members whose easements are subject to arbitration provisions. "Alliance acted consistently with its right to arbitrate by filing a motion to compel arbitration quickly after the class was certified to include some plaintiffs whose easements have an arbitration provision." *H&T Fair Hills*, 76 F.4th at 1100; *cf. United States v. Sanchez-Gomez*, 584 U.S. 381, 387 (2018) ("'The certification of a suit as a class action has important consequences for the unnamed members of the class.' Those class members may be 'bound by the judgment' and are considered parties to the litigation in many important respects." (citations omitted)). The Eighth Circuit "agree[d] with [this Court] that the damages issues are subject to arbitration for the plaintiffs whose easements contain an arbitration provision," *H&T Fair Hills*, 76 F.4th at 1100, and "conclude[d] that the three issues carved out . . . to remain in litigation are also subject to the arbitration provisions," *id.* at 1101. Having "conclude[d] [this Court] properly ordered arbitration of damages issues but erred in carving out issues from arbitration," *id.* at 1099, the Eighth Circuit directed this Court to dismiss the claims of "arbitration class members" without prejudice, *id.* at 1101–02. *Spizzirri* is an intervening change in law by a

8

controlling authority, and it establishes that dismissal of the arbitration class members' claims on the basis that the claims are subject to arbitration is improper.

Alliance maintained that "*Spizzirri* does not apply retroactively here." To support the proposition that "[a]n intervening change of law does not automatically require reconsideration," Alliance cited *Williams v. York*, 891 F.3d 701, 706 (8th Cir. 2018), and *Kansas Public Employees Retirement System v. Reimer & Koger Associates, Inc.*, 194 F.3d 922, 925 (8th Cir. 1999). In *Williams*, the Eighth Circuit affirmed the district court's denial of the defendants' motion for reconsideration of the denial of their motion for summary judgment based on qualified immunity. 891 F.3d at 703. The motion for reconsideration was based on distinguishable authority. *Id.* at 707. In *Kansas Public Employees Retirement System*, the Eighth Circuit stated: "Generally, a change in the law that would have governed the dispute, had the dispute not already been decided, is not by itself an extraordinary circumstance. Society's powerful countervailing interest in the finality of judgments simply requires that each case have an end, though the law continues to evolve." 194 F.3d at 925 (citations omitted). Here, judgment has not been entered. *Cf. Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1521 (10th Cir. 1997) ("[T]he intervening-change-in-law exception does not apply where . . . the case in which the erroneous ruling occurred is no longer sub judice—that is, where the case has become final.").

In addition, Alliance cited *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 97 (1993), to support the proposition that "the retroactivity of a new civil rule applies only to cases '**on direct review**.'" Because "Plaintiffs did not seek further review of the

9

[Eighth Circuit's] Opinion," Alliance reasoned, "[t]he Eighth Circuit's decision is . . . no longer on direct review—it is final." The Court rejects Alliance's contention that *Spizzirri* does not apply here. *See Reynoldsville Casket Co. v. Hyde*, 514 U.S. 749, 752 (1995) ("Hyde acknowledges that this Court, in *Harper* . . . , held that, when (1) the Court decides a case and applies the (new) legal rule of that case to the parties before it, then (2) it and other courts must treat that same (new) legal rule as 'retroactive,' applying it, for example, to all pending cases, whether or not those cases involve predecision events."); *Harper*, 509 U.S. at 96–97.

Finally, Alliance asserted that "Plaintiffs' proposal to return unnamed individuals with arbitration agreements—who cannot litigate—to the litigation, would be fraught with problems and should be rejected." Alliance claimed that "[t]he Court no longer has jurisdiction over the claims of unnamed individuals with arbitration agreements"; that "Plaintiffs should not be allowed to obtain via a motion to reconsider what they chose not to pursue via a timely appeal"; and that, "if the Court were to reconsider the Order, it must still follow the Eighth Circuit's Opinion, which held that the arbitration agreements are enforceable, and that unnamed individuals subject to arbitration agreements may not litigate this case or be members of the class." Alliance asserted that "the Court may issue an order that formally alters or amends the Class Certification Order to remove individuals subject to arbitration agreements." *See* Fed. R. Civ. P. 23(c)(1)(C).

The Court granted Plaintiffs' motion to certify a class. "Alliance acted consistently with its right to arbitrate by filing a motion to compel arbitration quickly after the class was certified to include some plaintiffs whose easements have an

10

arbitration provision." *H&T Fair Hills*, 76 F.4th at 1100. In its memorandum in support of its motion to compel arbitration and dismiss arbitrable claims, Alliance relied on *Green* and argued that the Court must either dismiss the claims of "any plaintiff who is subject to an Arbitration Easement" or stay the claims. In its reply memorandum, Alliance asserted that a dismissal or a stay is appropriate and that "[t]he only claims stayed would be those of Class Members who are subject to Arbitration Easements." The Court granted in part and denied in part Alliance's motion. The Eighth Circuit affirmed in part and reversed in part. *Id.* at 1097. The court of appeals "conclude[d] the district court properly ordered arbitration of damages issues but erred in carving out issues from arbitration." *Id.* at 1099. The Eighth Circuit directed the Court to dismiss the arbitration class members' claims without prejudice. *Id.* at 1101–02. The Court did so; judgment has not been entered. *Spizzirri* is an intervening change of law by a controlling authority, and it establishes that dismissal of the arbitration class members' claims on the basis that the claims are subject to arbitration is improper.

The Court grants Plaintiffs' motion to reconsider, vacates the Order dismissing the claims of class members subject to arbitration agreements, and stays the claims of class members subject to arbitration agreements. The Court expresses no opinion on whether "there is a separate reason to dismiss, unrelated to the fact that an issue in the case is subject to arbitration." *Id.* at 476 n.2. The Court expresses no opinion on altering or amending the Order granting class certification.

11

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' Motion for Reconsideration [Docket No. 500] is GRANTED.

2. Insofar as the Court dismissed the claims of class members subject to arbitration agreements, the Order [Docket No. 472] is VACATED.

3. The claims of class members subject to arbitration agreements are STAYED.

Dated: November 22, 2024

                                                                                  s/Joan N. Ericksen
                                                                                  JOAN N. ERICKSEN
                                                                                  United States District Judge